UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BROWN<br><br>                       Plaintiff,<br><br>v.<br><br>MARY-KATE OLSEN and ASHLEY OLSEN,<br><br>                       Defendants. | Case No.: 20cv393-LAB (MSB)<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Curtis Brown, *pro se*, filed a short complaint along with a motion to proceed *in forma pauperis* ("IFP"). The Court need not rule on the IFP motion at this time because it is clear the complaint must be dismissed.

The complaint identifies Brown as an "unstable" homeless person who lives in Chicago. It accuses Mary-Kate and Ashley Olsen, actresses who appeared in the television show *Full House*, of harassing him, says he wants nothing to do with them, and asks for "retribution." The complaint also says "(refer to the complaint)," apparently asking the Court to look at a different document, which Brown did not file.

The complaint does not include the "short and plain statement of the grounds for the court's jurisdiction" Fed. R. Civ. P. 8(a)(1) requires. Nor does it invoke the

Court's jurisdiction in any other way. It must be dismissed for that reason. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts' jurisdiction is presumed to be lacking, until the party asserting jurisdiction demonstrates otherwise). Furthermore, it does not allege that either Defendant lives in this District, or that anything giving rise to Brown's claims occurred here, or that venue is proper in this District for any other reason. The complaint is dismissed for that reason as well. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise improper venue *sua sponte*, as long as it has not been waived).

Even if the complaint were not being dismissed for lack of subject matter jurisdiction and improper venue, it does not comply with Fed. R. Civ. P. 8(a)(2) or (3). And even if Brown were granted leave to proceed IFP, the complaint would not survive the mandatory screening under 28 U.S.C. § 1915(e)(2). It does not allege enough factual matter that, if accepted as true, would state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint is **DISMISSED**. If Brown believes he can correct the defects this order has identified, he must file an amended complaint. He must do this no later than **March 25, 2020**, or the IFP motion will be denied as moot and this action will be dismissed without leave to amend. Brown must also comply with Civil Local Rules 5.1 and 83.11(b).

**IT IS SO ORDERED**.

Dated: March 4, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge

2
20cv393